FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 SEP 20 PM 3:38

UNITED STATES OF AMERICA

v.   CASE NO. 6:17-cr-227-ORL-37-GJK
     18 U.S.C. § 641

CAROLINE TRUDE-REDE

### INFORMATION

The United States Attorney charges:

### COUNT ONE

Beginning in or about August 2003, and continuing through in or about March 2017, in the Middle District of Florida, and elsewhere, the defendant,

CAROLINE TRUDE-REDE

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the Department of Veterans Affairs, a department and agency of the United States, that is, Department of Veterans Affairs Dependency and Indemnity Compensation benefits, with intent to deprive the United States and the Department of Veterans Affairs of the use and benefit of the money and a thing of value.

In violation of 18 U.S.C. § 641.

## **FORFEITURE**

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.  The property to be forfeited includes, but is not limited to, the following: a $186,947.12 forfeiture money judgment, which represents the proceeds of the offense.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

W. STEPHEN MULDROW
Acting United States Attorney

By: /s/ Emily C. L. Chang
Emily C. L. Chang
Assistant United States Attorney

By: /s/ Katherine M. Ho
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

3